UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CLIFTON A. PHILLIPS, JR.,

Plaintiff,

v.

9:21-CV-0970 (MAD/CFH)

DOCCS, et al.,

Defendants.

---

APPEARANCES:

CLIFTON A. PHILLIPS, JR.
Plaintiff, pro se
136 Filmore Avenue
Syracuse, NY 13205

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Pro se plaintiff Clifton A. Philips, Jr. ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). In the Complaint, Plaintiff asserted Eighth and Fourteenth Amendment claims against DOCCS, New York State, Administrative Law Judge Melissa Davis, Parole Revocation Specialist Robert Butera, Attorney Craig P. Schlanger, Attorney Lawrence Young, Attorney Joseph Centra, Attorney Jane Raven, and Assistant Director of Internal Operations S. King. *See generally*, Compl. Plaintiff alleged his constitutional rights were violated because defendants "held [him] in

prison 90 days past [his] maximum expiration date. *See id.*

By Decision and Order of this Court filed October 4, 2021 (the "October Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e). *See* Dkt. No. 3. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *Id.* In light of his pro se status, Plaintiff was afforded an opportunity to amend his Complaint. *Id.* Plaintiff's Amended Complaint is now before the Court for review. Dkt. No. 4 ("Am. Compl.").

## II. REVIEW OF THE AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October Order and it will not be restated in this Decision and Order. *See* Dkt. No. 3 at 2-4.

### B. Summary of Amended Complaint[1]

With the amended pleading, Plaintiff adds a new defendant, Diane Holford ("Holford")[2], the Sentencing Review Coordinator.[3] *See id.* The caption and list of parties does not include

---

[1] The Amended Complaint includes exhibits. *See* Dkt. No. 4-1. To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference

[2] Plaintiff refers to the defendant as "Diane Wolford" however, in exhibits annexed to the Amended Complaint, generated by DOCCS, the defendant's name is "Diane Holford." The Court shall use this spelling.

[3] The Clerk of the Court is directed to add Holford as a defendant herein.

New York State, Davis, Butera, Schlanger, Young, Centra, and Raven.[4] *See id.* at 1-2.

In November 1998, a jury convicted Plaintiff of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marijuana. *People v. Phillips*, 727 N.Y.S.2d 637 (2001). Plaintiff was sentenced to 23 years to life imprisonment for criminal possession of a controlled substance in the first degree, and 8 1/3 to 25 years imprisonment for criminal possession of a controlled substance in the third degree. *Phillips v. Girdich*, No. 03 CIV. 3317, 2009 WL 1868608, at *1 (S.D.N.Y. June 23, 2009). During his sentence, Plaintiff was released to community supervision.[5]

On August 4, 2018, Plaintiff was arrested for criminal possession of a controlled substance in the third, fourth, and seventh degree and reckless driving. Dkt. No. 4-1 at 1. Plaintiff was declared "delinquent" for parole purposes and was remanded to Onondaga County Justice Center. *Id*. at 2. Plaintiff remained in jail from the date of his arrest until September 26, 2019, when he returned to prison. *Id*.

In November 2020, Plaintiff wrote to "Sentence and Review" explaining that his sentence was miscalculated and asserting that his maximum release date should be in March 2021. Dkt. No. 4-1 at 1-3.

On February 21, 2021, Plaintiff received a letter from Holford, the Sentencing Review Coordinator" at the Office of Sentencing Review, "in response to [Plaintiff's inquiry] regarding the calculation of [his] release dates." Dkt. No. 4-1 at 4. Holford advised that Plaintiff's

---

[4] The Clerk of the Court is directed to terminate these parties as defendants herein.

[5] The Amended Complaint does not indicate when Plaintiff was released to community supervision.

release dates were reviewed and that the calculation "complies with the requirements of Penal Law Article 70 and Correction Law Article 24." *Id*.

On April 11, 2021, Plaintiff wrote to King and claimed his "max out date" was improperly calculated at August 2, 2021 and advised, "I still believe my max out date was March 1, 2021[.]" Dkt. No. 4-1 at 5. On April 12, 2021, Plaintiff wrote a second letter to King. *Id*. at 6.

On June 4, 2021, Plaintiff was discharged from DOCCS' custody. *See* DOCCS Inmate Lookup Website, available at http://nysdoccslookup.doccs.ny.gov (DIN 99-A-1263) (last visited Dec. 8, 2021).[6]

Plaintiff claims his Eighth and Fourteenth Amendment rights were violated because he was incarcerated ninety days beyond his maximum expiration date. Am. Compl. at 3. Plaintiff seeks monetary damages. *Id*. at 4.

**C. Analysis**

**1. Claims Against DOCCS**

In the October Order, the Court dismissed the claims against DOCCS pursuant to the Eleventh Amendment. For the reasons set forth in the October Order, Plaintiff's § 1983 claims for monetary damages against DOCCS are dismissed.

**2. Claims Against King**

In the October Order, the Court found that Plaintiff failed to plead that King was personally involved in any constitutional deprivation. Citing to *Tangreti v. Bachman*, 983 F.3d. 609 (2020), the Court concluded that allegations of personal involvement based upon

[6] The Inmate Lookup indicates that Plaintiff's Aggregate Maximum Sentence was 17 years and his Maximum Expiration Date was March 11, 2021.

the fact that Plaintiff wrote to King do not support the conclusion that defendant's "own individual actions, [ ] violated the Constitution." Dkt. No. 3 at 11. The Court held, "[b]ecause Plaintiff has not plead that King took any individual action with respect to Plaintiff's confinement, there is no basis for liability under § 1983." *Id*.

Despite being afforded an opportunity to amend the Complaint, the facts alleged in the Amended Complaint do not cure the deficiencies in Plaintiff's claims against King. For the reasons set forth in the October Order, Plaintiff's claims against King are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**3. Claims Against Holford**

"The detention of a prisoner beyond the maximum expiration date of his sentence may in some circumstances constitute cruel and unusual punishment in violation of the Eighth Amendment." *Washington v. NYS Parole*, No. 19-CV-0601, 2019 WL 1877343, at *2 (S.D.N.Y. Apr. 26, 2019) (citations omitted). Moreover, an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment. *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993).

As discussed *supra*, according to DOCCS' Inmate Lookup, Plaintiff was discharged on June 4, 2021 and his maximum release date was March 11, 2021. Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Eighth and Fourteenth Amendment claims against Holford survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

**III. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 4) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk of the Court is directed to add Holford as a defendant herein; and it is further

**ORDERED** that Plaintiff's claims against DOCCS and King are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that DOCCS, New York State, Davis, Butera, Schlanger, Young, Centra, Raven, and King are **DISMISSED** as defendants to this action; and it is further

**ORDERED** that the Eighth and Fourteenth Amendment claims against Holford survive this Court's review and require a response; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendant. The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the defendant, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or**

**the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rules of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 8, 2021
Albany, New York

Mae A. D'Agostino
U.S. District Judge