UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLIFTON A. PHILLIPS, JR.,

                      **Plaintiff,**

  vs.
                                                         9:21-CV-00970

DIANE HOLFORD,                                (MAD/CFH)

                      **Defendant.**
_____

APPEARANCES:                              OF COUNSEL:

**GERBER CIANO KELLY BRADY LLP**        **BRIAN R. BIGGIE, ESQ.**
599 Delaware Avenue                         **ROBERT P. HAMILTON, JR., ESQ.**
Suite 100
Buffalo, New York 14202-3702
Attorneys for Plaintiff

**NYS OFFICE OF THE ATTORNEY**         **MICHAEL G. MCCARTIN, ESQ.**
**GENERAL - ALBANY**                          **MARK J. DOLAN, ESQ.**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on August 30, 2021, alleging violations of his Eighth and Fourteenth Amendment rights under the United States Constitution relative to his incarceration within the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. Plaintiff later amended the complaint to include the sole remaining defendant, DOCCS Sentencing Review Coordinator Diane Holford ("Defendant" or "Defendant Holford"). *See* Dkt. No. 4. Trial is firmly scheduled to begin on Monday, September 11, 2023, in Albany, New York. *See* Dkt. No. 29. Currently pending before the Court is Defendant's motion *in limine*.

*See* Dkt. No. 32.  For the reasons set forth below, Defendant's motion is granted, in part, and denied, in part.[1]

A motion *in limine* enables the court to make an advance ruling on the admissibility of certain anticipated trial evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  Generally, "[a]ll relevant evidence is admissible" unless otherwise provided by an Act of Congress or the Federal Rules of Evidence. Fed. R. Evid. 402.  For instance, Rule 403 of the Federal Rules of Evidence grants the trial court "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (citing Fed. R. Evid. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986); *United States Martinez*, 775 F.2d 31, 37 (2d Cir. 1985)).  Moreover, courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

At-bar, Defendant makes four general requests seeking: (1) to be entitled to qualified immunity as a matter of law; (2) to preclude evidence regarding alleged economic damages; (3) to be permitted to inquire into the facts about two of Plaintiff's felony convictions; and (4) to bar

---

[1] As this case is days away from trial, the Court assumes that the parties are sufficiently familiar with the relevant factual and procedural background necessary to address the issues at-bar.

Plaintiff from referencing a specific dollar amount regarding damages during both opening and closing statements. *See* Dkt. No. 32 at 5-15.

As to the first request seeking qualified immunity, the Court will reserve judgment and revisit the matter following arguments and introduction of evidence at trial. The Court notes that application of qualified immunity would effectively dispose of the instant case in Defendant's favor. However, Defendant failed to file a dispositive motion prior to the deadline for doing so; hence, the Court has not had adequate opportunity to review the complete record evidence against the parties' contentions. And while the parties have submitted certain pre-trial factual stipulations, the Court finds that, at this stage, any request for qualified immunity would be more appropriately addressed following trial testimony and evidence. *See* Dkt. No. 42. Accordingly, the Court will reserve judgment as to the application of qualified immunity.

As to the second request seeking preclusion of evidence relative to certain economic damages, the Court will likewise reserve its ruling. Defendant's request to preclude Plaintiff "from offering any proof regarding a claim for economic damages" is simply too broad to resolve at this pre-trial stage. Dkt. No. 32 at 12. The Court notes that, under the "Prayer for Relief" section in the amended complaint, Plaintiff asserted that he seeks approximately three million dollars, without any distinction as to economic or non-economic damages. *See* Dkt. No. 4 at 4. While Defendant claims that there has been no subsequent "notice" provided since Plaintiff obtained *pro bono* counsel, Defendant has produced no authorities suggesting that such notice is explicitly required, particularly where there exists a specific monetary demand in the pleadings. *See* Dkt. No. 32 at 11-12. Under the circumstances, the Court finds no reason to categorically bar Plaintiff at trial from presenting supporting evidence as to economic damages. Nonetheless, the

Court will reserve ruling at this time insofar as Defendant has more narrowly tailored objections to specific proposed evidence, as such issues arise during trial.

As to the third request concerning the proposed admission of Plaintiff's felony convictions, the Court will deny the motion, in part, and grant the motion, in part. Rule 609 of the Federal Rules of Evidence grants broad discretion in admitting or excluding evidence of prior convictions.[2] *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). "The Rule requires district courts to admit the name of the conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors:

---

[2] Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

4

(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 535 F.2d 782, 784 (2d Cir. 1977)).

      Defendant seeks to inquire into the facts regarding two of Plaintiff's prior felony convictions. *See* Dkt. No. 32 at 12-14. According to Defendant, these convictions include First and Third Degree Criminal Possession of a Controlled Substance from October 13, 1998. *See id.* at 12. Defendant states that the "two felonies listed here were related to Plaintiff's last bid of confinement in DOCCS, which are the convictions relevant to when his maximum term ended." *Id.* at 12-13. Defendant asserts that these convictions are "relevant to show why DOCCS determined that Plaintiff was not eligible for release when he sought release from Defendant Holford in 2020 and 2021[.]" *Id.* at 13. While the fact that Plaintiff has two felony convictions stemming from his confinement at DOCCS may be relevant to determining when his maximum sentence ended, the request must be denied to the extent Defendant seeks to inquire about the underlying events and circumstances, which occurred decades ago. In this case, evidence about events that resulted in Plaintiff's decades-old felony drug convictions is irrelevant—notwithstanding the obvious prejudice to Plaintiff. That said, Defendant is permitted to introduce evidence as to the date of the convictions, the statutory bases, and the sentences imposed, as the Court finds that information to be probative of an material issue affecting the outcome of this case, *i.e.*, Defendant's calculation of Plaintiff's maximum sentence.

Finally, as to the fourth request regarding anticipated references to a specific dollar amount in opening and closing statements, the Court will reserve on this aspect of Defendant's motion. As Defendant points out, the Court has considerable discretion in permitting an attorney to argue for a specific damages amount. *See* Dkt. No. 32 at 14 (citations omitted). In response Plaintiff acknowledges such discretion, and requests that this Court to permit him to identify a specific amount. *See* Dkt. No. 48 at 13-14. Without having heard the evidence presented in this matter, the Court finds that the most prudent course of action at this time is to reserve judgment on this request.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion *in limine* (Dkt. No. 32) is **GRANTED**, in part, and **DENIED**, in part, and the Court will **RESERVE** decision on the remaining requested rulings, as discussed above; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon all parties in accordance with the Local Rules;

**IT IS SO ORDERED.**

Dated: September 7, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge